IN THE MATTER OF LEANDER HINE, APPELLANT, *v.* THI; HOMESTEAD FIRE INSURANCE COMPANY AND IT; RECEIVER, SMITH T. WOOLWORTH, RESPONDENTS.

*Policy of fire insurance — when avoided by the death of the insurer — right of a receiver to consent to a change of interest — one to whom the loss is made payable has no greater rights than the insured.*

May 30, 1877, a policy of insurance was issued to one John Brouillet, insuring his dwelling-house and furniture against loss by fire for the term of three years. Brouillet died March 2, 1878, intestate, leaving a wife and children; the property was burned on the seventeenth of the following April. By the policy, the company promised and agreed " to make good unto the said insured, *his heirs, executors, administrators and assigns,* all such loss or damage," etc., as should happen within the time specified. It also provided that, " if the said property shall be sold or conveyed, or if the interest of the insured therein be changed in any manner, whether by act of the insured or by operation of law, * * * then and in every such case, and in either of said events, this policy shall be null and void until the written consent of the company at the home office is obtained. In case such consent is refused, the company will repay to the insured the unearned premium thereon." No written consent of the company to the change in the interest of the insured was ever obtained.

Upon an application to compel the defendant, who had been appointed a receiver of the company January 6, 1878, to pay the loss :

*Held,* that the policy was avoided by the death of the insured and the failure to obtain the company's consent to the change of interest resulting therefrom.

That the appointment of the receiver did not excuse the failure to comply with the terms of the policy, as the receiver would have been authorized to give the required consent.

The policy contained a clause making the " loss, if any, first payable to Leander Hine, as his mortgage interest may appear."

*Held,* that this merely made the mortgagee the appointee of the insured, to receive what he himself was entitled to, and that whatever avoided the policy as to the insured avoided it as to the mortgagee.

APPEAL by Leander Hine from an order of the Onondaga Special Term, denying an application for an order directing the receiver to pay the amount of a loss arising under a policy of insurance issued May 30, 1877. The receiver was appointed January 6, 1878.

March 2, 1878, the insured died intestate, leaving a widow and seven children. On April 17, 1878, the property was destroyed by fire. The policy contained among others the following provision : " And the said company do hereby promise and agree to make good

unto the said insured, his heirs, executors, administrators and assigns, all such loss or damage, not exceeding in amount the sum insured, as shall happen by fire or lightning to the property above specified," from May 30, 1877, to May 30, 1880. "If the interest of the insured therein be changed in any manner, whether by act of the insured or by operation of law   *   *   *   then, and in every such case, and in either of said events, this policy shall be null and void until the written consent of the company at the home office is obtained. In case such consent is refused the company will repay to the insured the unearned premium thereon."

The following provision was indorsed upon the face of the policy : " Loss, if any, first payable to Leander Hine, as his mortgage interest may appear."

*John C. Hunt*, for the appellant.

*John Lansing*, for the receiver, respondents.

HARDIN, J. :

In the policy of insurance were the following words, viz. : "If the interest of the insured therein be changed in any manner, whether by act of the insured or by operation of law   *   *   * then, and in every such case, and in either of said events, this policy shall be null and void until the written consent of the company at the home office is obtained."

And when John Brouillet died, March 2, 1878, there was a change of the interest of the assured, which under the policy caused an avoidance of it, subject only to the right of the parties interested in the property to apply for and receive the "written consent of the company" or its receiver. (*Lappin* v. *Charter Oak Fire Ins. Co.*, 58 Barb. 325 ; *Sherwood* v. *The Agricultural Ins. Co.*, 73 N. Y., 448 ; S. C., 10 Hun, 593.)

It is urged that the company at the time of death of the insured " could not consent " to the change of interest, and that as the company was in the hands of the receiver it could not consent. We cannot agree with the learned counsel for the appellant, as we are of the opinion that had the receiver been applied to he would have possessed the power and had the right to consent to a continuation of the policy.

It would have been clearly his duty to give such consent or else to return the unearned premiums which the company or the receiver held. Nor can we disregard the language of the policy we have quoted, because in the early part of the policy are found the words, viz. : " Said company do hereby promise and agree to make good unto the said assured, his heirs, executors, administrators and assigns, all such loss," etc.

Full effect may be given to all the language of the policy. In case the consent had been obtained after the death of the insured, then the policy and its promise would have been good to the heirs. If the loss had happened in the lifetime of the insured, and before its payment his property had passed to " heirs, executors, or to administrators or assigns," then the language would be called into requisition to effectuate the intent of the parties.

We cannot give such signification to the word " heirs " as the contention of the appellant demands, in order to nullify the stipulation we have quoted from the policy in respect to any change of interest. We do not find such intent of the parties from a careful consideration of all the language of the policy, nor can we hold the policy valid to the extent of the beneficial interest· of the mortgagee. He was merely the appointee of the insured, and it was intended that he should receive, instead of the insured, so much of any loss that should happen as would satisfy his mortgage.

Whatever avoided the policy as to the insured avoided it as to the appointee or mortgagee. (*Grosvenor* v. *The Atlantic Ins. Co.*, 17 N. Y., 391; *Buffalo Steam Engine Works* v. *Sun Mutual Ins. Co.*, 17 id., 401; *Richmond* v. *The Niagara Fire Ins. Co.*, 15 Hun, 248; *Van Alstyne* v. *Ætna Ins. Co.*, 14 id., 360; *Bidwell* v. *Northwestern Ins. Co.*, 19 N. Y., 179; *Perry* v. *Lorillard Fire Ins. Co.*, 61 id., 214; *Hastings* v. *Westchester Fire Ins. Co.*, 73 id., 149.)

Question is new, and therefore we may withold costs. Order was right and must be affirmed.

SMITH, P. J., concurred.

Present — SMITH, P. J., and HARDIN, J.

Order affirmed, without costs to either party.